**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ricardo BAUTISTA–RAMOS,
Defendant—Appellant.**

**No. 02–30317.**

**D.C. No. CR–02–00032–DWM.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**450**

MEMORANDUM**

Ricardo Bautista–Ramos appeals the seventy-seven month sentence imposed following his guilty plea conviction for illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326. We dismiss for lack of jurisdiction.

Bautista–Ramos contends he is entitled to a "horizontal" departure under U.S.S.G. § 4A1.3 because his criminal history category overstated the seriousness of his criminal conduct and the district court failed to consider mitigating facts underlying his prior convictions.

A district court's discretionary refusal to depart from a prescribed sentencing guideline range is unreviewable on appeal unless the district court rested its decision on an erroneous belief that it lacked the authority to depart. *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1064 (9th Cir. 2000). Because the district court recognized its authority to depart, we lack jurisdiction to review Bautista–Ramos's sentence. *See id.*

**DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).